OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Crowley.
[Cite as Disciplinary Counsel v. Crowley (1994),      Ohio
St. 3d      .]
Attorneys at law -- Misconduct -- Indefinite suspension --
    Misappropriation of funds from law firm.
    (No. 93-2537 -- Submitted May 10, 1994 -- Decided July 13,
1994.)
    On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 93-23.
    On June 21, 1993, relator, Office of Disciplinary Counsel,
charged respondent, James Tyner Crowley of Waite Hill, Ohio,
Attorney Registration No. 0021541, with violations of DR
1-102(A)(3) (illegal conduct involving moral turpitude);
1-102(A)(4) (misconduct involving fraud, deceit, dishonesty or
misrepresentation); and 1-102(A)(6) (conduct that adversely
reflects on the fitness to practice law).  The matter was heard
by a panel of the Board of Commissioners on Grievances and
Discipline of the Supreme Court on October 29, 1993.
    The parties stipulated to the facts underlying the charges
against respondent.  The stipulations stated, in part:
    "1.  Respondent * * * is an attorney at law, admitted to
practice in the State of Ohio on November 2, 1968.
    "2.  In January of 1977, Respondent became a partner with
the law firm of Thompson, Hine & Flory, Cleveland, OH, and in
1991, was appointed Chairman of the Litigation Section.
    "3.  In May of 1992, a discrepancy was discovered in one
of the Respondent's client expense accounts, which revealed
that Respondent had double billed for an expense.  To cover
legitimate expenses, Respondent would request cash advances,
then later turn in credit card receipts for the same expense.
In some cases, Respondent * * * would materially alter the
credit card total, making his second reimbursement even more
than the actual expense.
    "4.  The firm of Thompson Hine & Flory conducted an
investigation into Respondent's irregular expense activities,
finding that such conduct occurred since 1990, and in one
client's case it dated to 1987.
    "5.  Improper expense reinbursements were made to the

Respondent from the accounts of at least ten (10) different clients. Several clients who were billed for Respondent's improper expenses were given cash refunds totalling in excess of Fifteen Thousand Dollars ($15,000.00). In at least two (2) other client cases, discrepancies were discovered before billings on the improper expenses were sent out, but after Respondent had been paid a total of over Twenty Thousand Dollars ($20,000.00). And, in over five (5) other client's [sic] matters, they were billed for Respondent's improper expenses for a total of in excess of One Hundred and Fifty Thousand Dollars ($150,000.00). Thompson, Hine & Flory credited the accounts of these clients for the improper billings.

"6. Respondent * * * received over Two Hundred Thousand Dollars ($200,000.00) from Thompson, Hine & Flory based upon his improper expense reimbursement requests. After setting off Respondent's capital account and share of profits, the net loss incurred by Thompson, Hine & Flory is approximately One Hundred Thirty Thousand Dollars ($130,000.00).

"To date, Respondent has not reimbursed Thompson, Hine & Flory for their loss. Effective May of 1992, Respondent resigned his position with the firm, and became associated with another law firm."

The panel found that respondent violated DR 1-102(A)(4) and (6), the misconduct to which the parties stipulated. As respondent misappropriated funds from his former law firm, the panel further found a violation of DR 1-102(A)(3). Before recommending any disciplinary measures, the panel considered respondent's testimony that he stole to finance his mother's medical care. It also considered testimony from some of respondent's clients and colleagues, all of whom described him as an accomplished litigator.

The panel recommended that respondent be suspended from the practice of law for a period of two years, with one of these years being suspended on the conditions that (1) he agree in writing within the first year to make restitution to Thompson, Hine & Flory, and (2) that he commit no further misconduct. The board adopted the panel's findings; however, it increased the recommended sanction to an indefinite suspension.

Geoffrey Stern, Disciplinary Counsel, and Sally Ann Steuk, Assistant Disciplinary Counsel, for relator.

Duvin, Cahn, Barnard & Messerman and Gerald A. Messerman, for respondent.

Per Curiam. We concur in the board's findings of misconduct. In addition, the board increased the sanction recommended by the panel because of "the calculated, deliberate manner in which Respondent conducted and concealed his fraudulent schemes, his gross abuse of a position of trust and responsibility for personal gain, the amount of the theft, the length of time over which the thefts occurred and a concern that Respondent's testimony, offered in mitigation and justification of the thefts, instead demonstrated a fundamental lack of appreciation for lawyers' ethical obligations to the profession and the public."

We agree with this assessment of respondent's misconduct and that indefinite suspension is the appropriate sanction. Accordingly, James Tyner Crowley is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Wright, J., dissents.

Wright, J., dissenting. I would follow the recommendation of the panel and impose a two-year suspension, with one of the years being suspended on the conditions described in the majority opinion.

Accordingly, I respectfully dissent.